UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET L. MOORE,

    Plaintiff,                        CIVIL ACTION NO. 14-12310

  v.

                                    DISTRICT JUDGE AVERN COHN
                                  MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the ability to return to her past light work as a child care worker, loan officer or school secretary.

**II.   REPORT**

    **A.   Introduction and Procedural History**

Plaintiff filed applications for Social Security Disability Income Benefits (DIB) and Supplemental Security Income (SSI) benefits on March 23, 2011, alleging that she had been

disabled and unable to work since December 30, 2009[1], at age 51, due to severe back pain, lupus, rheumatoid arthritis and incontinence. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on November 28, 2012, before Administrative Law Judge (ALJ) Donna J. Grit. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past light work as a child care worker, loan officer or school secretary. These past jobs did not expose her to either temperature extremes or unprotected heights. She did not have to do any climbing of ladders, ropes or scaffolds. She was not required to frequently squat, stoop, balance, crouch, crawl or use foot pedals. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Claimant was 54 years old at the time of the administrative hearing (TR 63). She has graduated from high school, and had earned an associate's college degree in business administration (TR 64-65). She had been self-employed as a childcare provider from 2008 though early 2011 (TR 67-68). She had also been employed as a nurse's aide, school secretary, loan processor and retail worker during the relevant past (TR 69-71).

---

[1]Plaintiff originally alleged that her disability began in February 2011, but she later amended the onset date to December 30, 2009 (TR 218).

Plaintiff testified that she injured her back while working as a nurse in 2008 (TR 308). Claimant asserted that she was disabled since December 2009, due to severe back pain radiating down into her legs and feet (TR 76-77). Pain medications and muscle relaxants provided only temporary relief, but she did not experience any side effects from the medication (TR 83).

Claimant estimated that she could lift fifteen to twenty-five pounds once or twice in a two-hour period, walk one block, stand ten to fifteen minutes, and sit for about thirty minutes at one time (TR 86, 91). Plaintiff explained that she had received less medical treatment after January 2011, because her health insurance, obtained through the worker's compensation program, had ended (TR 89). Claimant indicated that she did not seek mental health treatment because of a lack of money (TR 84). She was able to obtain health care from a neighborhood clinic where payments were kept minimal (TR 90).

A Vocational Expert (VE), Michelle Ross, classified Plaintiff's past work as sedentary to heavy, skilled and semi-skilled activity (TR 95). The witness explained that there would not be any jobs for claimant to perform if her testimony were fully accepted[2] (TR 97). If claimant were capable of light work, however, she could return to her past work as a child care worker, loan officer or school secretary as typically performed. These jobs did not expose her to temperature extremes or unprotected heights. She would not be required to

---

[2]The witness opined that Plaintiff's alleged need to miss work more than twice a month would preclude all work activity (TR 97).

climb ladders, ropes or scaffolds. She would not have to frequently squat, stoop, balance, crouch, crawl or use foot pedals (TR 96).

### B. ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as a result of obesity, degenerative changes of the lumbar spine and hypertension, but that she did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented her from working at jobs requiring her to frequently climb, balance, stoop, kneel, crouch or crawl. She was unable to climb ladders, ropes or scaffolds, and could not be exposed to unprotected heights or temperature extremes. Nevertheless, the Law Judge found that Plaintiff retained the residual functional capacity to perform a significant number of light jobs, including her past relevant work as a child care worker, loan officer or school secretary, within those limitations (TR 43-50).

### C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v.

Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

Plaintiff maintains that substantial evidence does not exist on the record that she remains capable of performing a limited range of light work activity. She argues that the ALJ erred in her credibility assessment, and in her analysis of the medical records[3]. Claimant further maintains that the ALJ should have found her "disabled" under Rule 201.14 of the Medical-Vocational Guidelines. Defendant counters that the claimant retains the residual

---

[3]Plaintiff's maintains that a former employer's agreement to redeem her workers' compensation claim constituted a decision by a governmental agency regarding disability, and should have been given great weight before the SSA (See Plaintiff's Brief in Support of Summary Judgment at pp.9-10). A private contract between an employer and employee regarding liability for an injury allegedly suffered at work does not constitute a determination by a governmental agency that the injured party was disabled. Even a determination of disability pursuant to Michigan Worker's Compensation law, which did not exist in this case, would not bind the ALJ here. See 20 C.F.R. §§ 404.1504, 416.904 (explaining that a decision by another agency based on that agency's rules for disability is not binding on the Commissioner because the Commissioner's disability determination is based on social security law).

functional capacity for a reduced range of light work because the objective clinical evidence of record did not confirm the disabling nature of her joint pain or other difficulties.

### D. Discussion and Analysis

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity for a restricted range of light work that did not require her to frequently climb, balance, stoop, kneel, crouch or crawl. The medical evidence, as a whole, fails to provide objective support for Plaintiff's allegations of severe and totally disabling joint pain.

While Plaintiff amended her alleged onset date of disability to December 2009[4] (TR 218), she acknowledged that she continued to work as a childcare provider until early 2011 (TR 67-68). The medical record after that period contains little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to severe joint pain.

Dr. Steven Klafeta, a treating neurologist, reported on February 11, 2010, that Plaintiff was nearly pain free, was able to stand up without any difficulty, and enjoyed full body strength. The doctor measured normal flexion and extension in her lumbar spine, and there were no reflex abnormalities. Dr. Klafeta stated that there was no reason for claimant to undergo any type of surgery. In fact, the neurologist recommended that she return to work, provided she did not lift anything over 30 pounds (TR 319-320).

---

[4] In the instant case, the ALJ was not required to give any weight to the consultative evaluation of Dr. Jeffrey Grof. The doctor's clinical findings upon examination predated Plaintiff's amended alleged onset date of December 30, 2009, by over a year (TR 218, 456-66). It was therefore irrelevant to the question of whether Plaintiff was disabled after December 30, 2009.

Dr. June Hillelson, an internist, conducted a consultative examination at the request of the Commissioner on July 1, 2011. Dr. Hillelson observed that Plaintiff had full muscle strength in her upper and lower extremities. She was able to ambulate without assistance, and her heel, toe and tandem gait were normal (TR 410). Dr. Hillelson indicated that her examination of the cervical and dorsolumbar spine revealed no paravertebral muscle spasm or gross abnormalities. Straight leg raising was unremarkable, and ranges of motion for flexion and extension in claimant's lumbar spine were within normal limits (TR 410, 414). Dr. Hillelson opined that Plaintiff could stand for four hours per day, lift twenty pounds, and perform non-repetitive bending, stooping or squatting. Claimant was found capable of climbing stairs, walking and driving. She could perform fine and gross motor skills with her hands[5] (TR 411).

On June 2, 2012, Plaintiff reported that she could feed, bathe and groom herself. She was able to use the telephone, complete her housework, do the laundry and shop for herself. Claimant also managed her own money (TR 446). In a follow-up evaluation conducted on November 28, 2012, Dr. Klafeta observed that Plaintiff had full strength, hypoactive reflexes, and no long tract sign (TR 474). Dr. Klafeta recommended that claimant receive conservative

---

[5]Based on the residual functional capacity evaluation of Dr. Hillelson, Plaintiff maintains that the ALJ should have found her capable of no more than sedentary work (See Plaintiff's Brief in Support of Summary Judgment at pp.15-16). To the contrary, the ALJ appropriately described Plaintiff's exertional level as light, with additional limitations, because she could lift twenty pounds and walk for four hours per day. The ALJ properly characterized Plaintiff's RFC as light because it was more consistent with light work rather than sedentary work. See 20 C.F.R. §§ 404.1567(a) & (b), 416.967(a) & (b) (explaining that sedentary work involves lifting no more than ten pounds at a time and occasional walking and standing, whereas light work involves lifting no more than twenty pounds at a time, and either a good deal of walking or standing, or sitting most of the time with some pushing and pulling of arm or leg controls).

treatment, including epidural steroid injections and physical therapy, as she did not wish to have surgery (TR 474).

Given the lack of objective clinical evidence of total disability during the relevant period, I suggest that the Administrative Law Judge could reasonably find that Plaintiff's chronic pain symptoms did not prevent her from performing a reduced range of light work. There was medical evidence on both sides and, having examined it, I cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that claimant's subjective complaints of persistent, severe, totally disabling symptoms were not fully credible.

Plaintiff contends that the ALJ should have applied Medical-Vocational Guideline (Grid) Rule 201.14 to find that she was disabled (See Plaintiff's Brief in Support of Summary Judgment at pp. 13-14). The ALJ was not required to apply the Grids in the instant case because substantial evidence supported her finding that Plaintiff could perform past relevant work. The Grids are applied only in cases where an individual is not engaging in substantial gainful activity, and her impairments prevent her from performing her vocationally relevant past work. 20 C.F.R. Pt. 404, Subpt. P, App'x 2 § 200.00. The Sixth Circuit has specifically ruled that the Grids are inapplicable where substantial evidence supports the ALJ's finding that a plaintiff is able to perform past relevant work. See <u>Smith v. Secretary of Health and Human Services</u>, 893 F.2d 106, 110 (6th Cir. 1989) (holding that the Grids should not be applied where a plaintiff is capable of performing past relevant work).

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

### III. REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/ Charles E Binder  
                                                CHARLES E. BINDER  
Dated: April 20, 2015                  United States Magistrate Judge