UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET MOORE,

    Plaintiff,

v.                                                                                          Case No. 14-12310
                                                                                         HON. AVERN COHN
CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.
_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 17) AND**
**DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Doc. 16)**

### I. INTRODUCTION

This is a social security case. Plaintiff Janet Moore (Plaintiff) appeals from the final decision of the Acting Commissioner of Social Security (Commissioner) denying her application for Social Security Disability Benefits. Plaintiff claims disability since December 30, 2009, at age 51, due to severe back pain, lupus, rheumatoid arthritis, and incontinence. (Tr. at 78)

The parties filed cross motions for summary judgment. (Docs 16, 17) The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (R&R). The MJ recommends that the Court deny Plaintiff's motion for summary judgment and grant the Commissioner's motion. Now before the Court is Plaintiff's Objection to the R&R. (Doc. 19) For the following reasons, the Court will adopt the R&R as the findings and conclusions of the Court, supplemented as below. The

Commissioner's Motion for Summary Judgment (Doc. 17) is GRANTED and Plaintiff's Motion for Summary Judgment (Doc. 16) is DENIED.[1]

## II. BACKGROUND

The R&R sets forth the facts, many of which are repeated here.[2] Plaintiff applied for disability benefits in March 2011, alleging that she was disabled and unable to work since February 2011, due to severe back pain, lupus, rheumatoid arthritis, and incontinence. (Tr. at 78) Plaintiff later amended her alleged onset date to December 30, 2009. The Social Security Administration (SSA) denied Plaintiff's claim, and Plaintiff requested a hearing before an ALJ. After considering evidence presented at the hearing and in the record, the ALJ determined that Plaintiff was not entitled to disability benefits because she retained the residual functional capacity to perform a limited range of light work.[3] (Tr. at 78) In reaching her decision, the ALJ considered Plaintiff's own testimony and considered various medical assessments.

### A.

Plaintiff was 54 years old at the time of the administrative hearing. She has graduated from high school, earned an associate's college degree in business administration, and was self-employed as a childcare provider from 2008 through early

---

[1] The Court scheduled this matter for hearing but the parties waived oral argument. Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich LR 7.1(f)(2).

[2] Although the record contains extensive information relating to Plaintiff's medical history, only those records relevant to the instant objections are noted here.

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 CFR 404.1567(b).

2011 (Tr. 67-68).  During the relevant past, Plaintiff has been employed as a nurse's aide, school secretary, loan processor, and retail worker.  (Tr. 69-71).

During 2008, while Plaintiff was employed as a nurse's aide, Plaintiff sustained a work-related injury.  As a result, Plaintiff underwent a workers' compensation evaluation, which determined that she sustained injuries to her back and spine.  In January 2011, Plaintiff and her former employer reached a settlement under the auspices of the Michigan Department of Labor and Economic Growth, Workers' Compensation Board of Magistrates, determining that Plaintiff was entitled workers' compensation insurance benefits, the details of which were memorialized in a redemption (settlement) agreement.  This was included as part of the record before the ALJ.  (Tr. at 307-10)

On or about November 19, 2008, Plaintiff underwent a medical evaluation by Michael Groff, D.O., at the St. Mary's Neuroscience Program, complaining of pain in the back, upper buttocks, and down the posterolateral aspects both legs, with severe pain in the right heel and some numbness and tingling in the outside of the right foot.  Dr. Groff reviewed Plaintiff's MRI images, and concluded that she suffered from multilevel degenerative changes throughout the lumbar spine, a herniated disc in her lower back, and a right radiculopathy causing disabling pain down her right leg.  (Tr. at 463-66)

Between December 2008 and February 2010, Plaintiff continued to receive treatment at St. Mary's by a number of physicians, including Dr. Steven R. Klafeta, M.D..  Repeatedly, the progress notes describe Plaintiff as presenting with severe right lower extremity pain, consistent with a lower back herniated disc, significant nerve compression, and right radiculopathy; repeatedly, these physicians advised her that she should pursue physical therapy with the possibility of a surgical procedure, and

3

recommended that she return to work  (Tr. at 320, 323, 327-29, 332, 340-41, 345-49, 353-55)

On November 28, 2012, Plaintiff underwent an additional consultation with Dr. Klafeta complaining of these same problems.  Dr. Klafeta noted Plaintiff's "long history of back issues" and noted that, although she had been scheduled for surgery, she had some resolution of her back pain but continued to experience back problems, including some bilateral pain extending to her lower back, him, thigh, and knees.  He also noted that Plaintiff had not had any conservative therapy because of insurance issues, and explained that a recent MRI showed degenerative disc problems, but some resolution of the right-side disc herniation.  He stated that Plaintiff had lower back pain, bilateral lower extremity radicular pain, and "questionable" radiculopathy.  He discussed treatment options with Plaintiff and recommended epidural steroid injections and physical therapy, and advised that surgery should be considered a "last ditch option." (Tr. at 474)

## B. The ALJ's Decision

The ALJ concluded that Plaintiff was impaired as a result of obesity, degenerative changes of the lumbar spine and hypertension, but that she did not have an impairment or combination of impairments that met the severity required to be considered a disability.

Relevant here, the ALJ considered Plaintiff's extensive medical history, including the progress notes by Dr. Klafeta.  For example, the ALJ described Dr. Klafeta's progress notes from February 11, 2010, stating the Plaintiff suffered from a right herniated disc with severe right lower extremity radicular pain.  The ALJ also noted Dr.

Klafeta's observation that that Plaintiff "was nearly complexly pain free" at the time of the examination, had full strength, and was able to stand without difficulty. She also had normal flexion and extension of the lumbosacral spine. The ALJ noted Dr. Klafeta's conclusion that because Plaintiff was doing better, he saw no reason to recommend surgery at the time and released her to return to work. (Tr. at 47)

The ALJ also noted Plaintiff's office visit with Dr. Klafeta on November 28, 2012. The ALJ noted Dr. Klafeta's conclusion that although there was a resolution of her previous pain from the herniated disc, Plaintiff continued to have back problems. The ALJ noted Dr. Klafeta's conclusion that Plaintiff suffered from low back pain, bilateral lower extremity radicular pain, and questionable radiculopathy.

Notably, however, the ALJ did not discuss or mention the 2008 workers' compensation redemption agreement or Dr. Groff's medical assessment from November 19, 2008.

## B. Plaintiff's Objections to the R&R

Plaintiff advances three specific objections to the R&R. First, she says that the R&R misconstrues the nature of the workers' compensation redemption agreement in justifying the ALJ's failure to consider it. Second, Plaintiff says that the R&R errs in finding that the opinion of Dr. Groff is irrelevant, in justifying the ALJ's failure to consider it. Lastly, Plaintiff says that the ALJ erred in failing to address Dr. Klafeta's November 28, 2012 progress notes. For the following reasons, these assertions lack merit.

## III. STANDARD OF REVIEW

Judicial review of a Social Security disability benefits application is limited to determining whether the commissioner "has failed to apply the correct legal standards

or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. *Brainard v. Sec'y of HHS*, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 299 (1938). The Substantiality of the evidence must be based upon the record taken as a whole. *Futernick v. Richardson*, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decision makers can go either way, without interference with the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the R&R that the claimant objects to are reviewed *de novo*. 28 U.S.C. § 636(b)(1)(c); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. ANALYSIS

### A. Plaintiff's Workers' Compensation Redemption Agreement

Plaintiff says that the MJ erred in stating that because the redemption agreement is a "private contract between and employer," it does not constitute a determination by a government agency that Plaintiff is disabled. Plaintiff counters that the workers' compensation is not a private contract, but requires findings by a workers compensation magistrate, following a hearing, that the application for workers' compensation benefits alleges a work-related injury. Plaintiff states that although the redemption agreement would not be binding upon the ALJ, she was required to consider it as part of the record.

6

Plaintiff's arguments lack merit. To begin, Plaintiff relies on the 1967 Sixth Circuit case, *Nelms v. Gardner*, 386 F.2d 971 (6th Cir. 1967), for the proposition that the ALJ is required to consider a favorable workers' compensation decision. The case, however does not state as much and is furthermore distinguishable. *Nelms* says nowhere that a favorable workers' compensation decision *must* be considered; but merely that it is "a factor to be considered." Further, *Nelms* concerned a state court decree declaring the plaintiff to be 100% disabled. Here, the redemption agreement is merely a settlement agreement—a statement that the employer agrees to "redeem any and all liability" arising out of Plaintiff's work-related injury. It is not a determination by a state agency or a state court, rather it is an agreement between Plaintiff and her former employer regarding a work-related injury.

Finally, the redemption agreement, at most, acknowledges that Plaintiff suffered a work-related injury—not that she is disabled. Because the worker's compensation agreement did not constitute—or even suggest—evidence of a disability determination by another agency, the ALJ was not required to consider it. *See* Social Security Ruling 06- 03p, 2006 WL 2329939, at *6 (requiring consideration only of "a disability decision by another governmental or nongovernmental agency") (emphasis added).

### B. Dr. Groff's November 2008 Opinion

Next, Plaintiff argues that the MJ erred in stating that the November 2008 opinion of Dr. Groff—which was rendered before Plaintiff's alleged onset date of December 20, 2009—was irrelevant. Plaintiff states that the ALJ erred by failing to evaluate every medical opinion received, citing 20 C.F.R § 404.1527(c) (stating that the ALJ "will

7

always consider the medical opinions in your case record together with the rest of the relevant evidence we receive"). Plaintiff's argument lacks merit.

This Court has repeatedly stated that an ALJ is limited to considering medical evidence rendered after the alleged onset date. *See Gatewood v. Astrue*, No. CIV. 07-13326, 2008 WL 3838354, at *14 (E.D. Mich. Aug. 12, 2008) (rejecting the plainiff's argument that the ALJ was required to consider evidence predating the alleged onset date, and holding that the ALJ "limited to considering the evidence during the relevant period only"). Further, the substance of Dr. Groff's diagnosis—that Plaintiff suffered from multilevel degenerative changes throughout the lumbar spine, a herniated disc in her lower back, and a right radiculopathy causing disabling pain down her right leg—is not materially different from other evidence expressly considered by the ALJ. Indeed, Plaintiff fails to note how Dr. Groff's medical diagnosis would materially affect the ALJ's decision, or to point to medical evidence that was not considered elsewhere.

Finally, where, as here, the ALJ's decision is otherwise supported by substantial evidence, the failure to mention even a treating source's opinion predating the alleged onset is, at most, harmless error. *See Gatewood*, 2008 WL 3838354, at *14 (declining to overturn the ALJ's decision for failure to consider evidence prior to the alleged onset date, stating that substantial evidence otherwise supported the conclusion that the plaintiff was not disabled during the relevant period.); *Mohssen v. Comm'r of Soc. Sec.*, No. 12-14501, 2013 WL 6094728, at *11 (E.D. Mich. Nov. 20, 2013) (finding that the ALJ's failure to mention even a treating physician's opinion date a year before the alleged onset date was at most harmless error).

### C. Dr. Klafeta's November 28, 2012 Progress Note

Finally, Plaintiff argues that the ALJ erred by failing to address Dr. Klafeta's opinion regarding the severity of Plaintiff's pain. Specifically, Plaintiff points to Dr. Klafeta's November 28, 2012 progress note describing her low back pain and bilateral lower extremity radicular pain, and stating that surgery is a "last ditch option for her severe back pain." These arguments, too, lack merit.

To begin, Dr. Klafeta's November 28, 2012 progress note was not a medical opinion as to Plaintiff's ability to perform work activities, but a report noting Plaintiff's treatment history, subjective complaints, and objective examination findings. On that date, Dr. Klafeta noted his impression that Plaintiff had low back pain, bilateral lower extremity radicular pain, and questionable radiculopathy, and recommended that Plaintiff undergo conservative care. His statement that surgery was a "last ditch option" merely reflects his assessment that surgery is successful in only about half of similar cases. These observations and treatment recommendations do not constitute judgments about the nature and severity of Plaintiff's impairments, or the extent to which she was able to carry out work activities. *See Bass v. McMahon*, 499 F.3d 506, 510 (6th Cir. 2007) (finding that a doctor's observations do not qualify as "medical opinions" under the Social Security regulations, and "without more, are not the type of information from a treating physician which will be provided great weight").

Finally, Dr. Klafeta's November 28, 2012 progress notes are not materially different from his earlier progress notes, or from other medical evidence in the record, which repeatedly describe Plaintiff as presenting with severe right lower extremity pain, consistent with a lower back herniated disc, significant nerve compression, and right radiculopathy. If anything, the November 28, 2012 progress notes state that there has

9

been some resolution of Plaintiff's right-side disc herniation. Plaintiff fails to note how Dr. Klafeta's November 28, 2012 progress notes would materially affect the ALJ's decision in her favor, or to point to relevant medical evidence therein that was not considered elsewhere.

## VI. CONCLUSION

For the reasons stated above, the R&R is adopted as the findings and conclusions of the Court, supplemented as above. Plaintiff's motion for summary judgment has therefore been denied, and the Commissioner's motion for summary judgment granted. This case is DISMISSED.

SO ORDERED.

Dated: July 2, 2015                         s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE